IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES C. CUMPTAN and
DEBORAH V. CUMPTAN,

    Plaintiffs,

v.                                  Civil Action No. 5:10CV12
                                             (STAMP)
ALLSTATE INSURANCE COMPANY,
LARRY D. POYNTER, individually,
and ED STEEN, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND;
GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S
MOTION FOR LEAVE TO FILE SURREPLY IN
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND;
DIRECTING THE CLERK TO FILE DEFENDANT
ALLSTATE INSURANCE COMPANY'S SURREPLY;
DENYING DEFENDANT ALLSTATE INSURANCE COMPANY'S
MOTION TO DISMISS;
DENYING DEFENDANT LARRY D. POYNTER
AND DEFENDANT ED STEEN'S MOTION TO DISMISS;
AND GRANTING DEFENDANTS LEAVE TO FILE
AMENDED MOTIONS TO DISMISS**

    I.    Procedural History

The plaintiffs filed this civil action in the Circuit Court of Marshall County, West Virginia against the above-named defendants alleging violations of the West Virginia Unfair Trade Practices Act ("UTPA") and common law fraud. The defendants then filed a notice of removal in this Court based upon diversity jurisdiction. The plaintiffs then filed a motion to remand to which defendant Allstate Insurance Company ("Allstate") responded. Defendants Larry D. Poynter and Ed Steen ("adjuster defendants") filed a

separate response. The plaintiffs then filed a reply. Allstate then filed a motion for leave to file a surreply. In addition, Allstate and the adjuster defendants filed motions to dismiss.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction does exist. Accordingly, the plaintiffs' motion for remand must be denied. Further, for good cause shown, this Court grants Allstate's motion for leave to file a surreply. Finally, this Court denies Allstate's motion to dismiss, without prejudice, and the adjuster defendants' motion to dismiss, without prejudice and grants the defendants leave to file an amended motion to dismiss on or before October 14, 2010 so that they may attach the state court complaint in its entirety, including page five.

## II. Facts

The plaintiffs allege an injury from an automobile accident with an underinsured motorist on May 27, 1988. On January 11, 2010, the plaintiffs filed this action in Marshall County seeking recovery of losses or damages incurred as a result of Allstate's alleged failure to pay "stacked" underinsured motorist coverage in the amount of $300,000.00 rather than a single vehicle limit of $100,000.00. In addition to suing Allstate, the plaintiffs also sued Larry Poynter and Ed Steen, insurance adjusters. The defendants claim fraudulent joinder as to the adjuster defendants.

III. Applicable Law

A. Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

B. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences,

unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed

4

factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

IV. Discussion

A. Remand

In their pleadings in support of remand, the plaintiffs argue that diversity jurisdiction is absent because the parties are not completely diverse. The defendants, in their responses, contend that the plaintiffs fraudulently joined defendants Poynter and Steen to defeat diversity jurisdiction. The plaintiffs are residents of Ohio.[1] Defendant Allstate is a resident of Illinois and the adjuster defendants are residents of West Virginia. Because the parties are completely diverse, remand is not appropriate in this case.

B. Motions to Dismiss

The plaintiffs filed a civil action in the Circuit Court of Cabell County, West Virginia in 1990 related to the automobile accident. In 2009, the plaintiffs filed a lawsuit in the Circuit Court of Marshall County, West Virginia similar to the present civil action. The defendants contend that the plaintiff's civil action is barred by the two dismissal rule. The two dismissal rule

---

[1]The defendants' Notice of Removal states that the plaintiffs are residents of West Virginia. However, the plaintiffs' complaint, as well as affidavits attached to the motion to remand, show that the plaintiffs are residents of Ohio.

5

provides: "Unless the notice or stipulation states otherwise, the [voluntary] dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(A).

The defendants attempted to attach the 1990 state court complaint in three separate pleadings. However, each copy of the 1990 state court complaint provided to this Court is missing page five, which this Court believes is essential for this Court to determine the applicability of the two dismissal rule. Because the applicability of the two dismissal rule will determine whether this Court may proceed to hear the merits of the case, this Court must deny both Allstate and the adjuster defendants' motions to dismiss without prejudice. However, this Court grants the defendants leave to file, on or before October 14, 2010, amended motions to dismiss, which include the complete 1990 state court complaint.

V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is DENIED and defendant Allstate Insurance Company's motion for leave to file a surreply in opposition to the plaintiffs' motion to remand is GRANTED. Accordingly, the Clerk is DIRECTED to file Allstate Insurance Company's surreply. Defendant Allstate Insurance Company's motion to dismiss and defendant Larry D. Poynter and defendant Ed Steen's motion to dismiss are DENIED

without prejudice. Finally, this Court GRANTS the defendants leave to file amended motions to dismiss on or before October 14, 2010 so that they may attach the state court complaint in its entirety, including page five.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     September 23, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
