```
      IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CHARLES C. CUMPTAN and
DEBORAH V. CUMPTAN,

    Plaintiffs,

v.                              Civil Action No. 5:10CV12
                                           (STAMP)
ALLSTATE INSURANCE COMPANY,
LARRY D. POYNTER, individually,
and ED STEEN, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**MOTION TO DISMISS AND**
**GRANTING DEFENDANT LARRY D. POYNTER**
**AND DEFENDANT ED STEEN'S MOTION TO DISMISS**

I.  Procedural History

The plaintiffs filed this civil action in the Circuit Court of Marshall County, West Virginia against the above-named defendants alleging violations of the West Virginia Unfair Trade Practices Act ("UTPA"), common-law bad faith, and civil conspiracy. The defendants then filed a notice of removal in this Court based upon diversity jurisdiction. This Court denied the plaintiffs' motion to remand, defendant Allstate Insurance Company's ("Allstate") motion to dismiss, and defendants Larry D. Poynter and Ed Steen ("adjuster defendants") motion to dismiss. However, this Court granted the defendants leave to file amended motions to dismiss. Allstate and the adjuster defendants subsequently filed two motions

to dismiss, to which the plaintiffs filed a response. The defendants then filed replies.

Having reviewed the parties' pleadings and the relevant law, this Court finds that the defendants' motions to dismiss must be granted.

## II. Facts

The plaintiffs allege an injury from an automobile accident with an underinsured motorist on May 27, 1988. The plaintiffs filed suit against Allstate in the Circuit Court of Cabell County, West Virginia on May 25, 1990. The 1990 civil action involved the same automobile accident at issue in this case. Count III of the 1990 complaint, against Allstate, states that Mr. Cumptan made an underinsured motorist claim against Allstate and that counsel for the plaintiff at the time was advised by the representative of Allstate that the only underinsured motorist coverage available to him was $50,000.00. The Cumptans sought $100,000.00 in underinsured motorist coverage from Allstate without set-off of the amount paid by the tortfeasor's insurance company. The plaintiffs voluntarily dismissed the 1990 civil action on September 5, 1990. The dismissal is an order of the court, dismissing the civil action with prejudice and it is signed by counsel for the plaintiff and the state court judge.

On December 2, 2009, the plaintiffs filed a lawsuit against Allstate and the adjuster defendants in the Circuit Court of

Marshall County, West Virginia, which was nearly identical to the present civil action. The defendants removed the December 2009 action on January 4, 2010 to this Court. The defendants withdrew their notice of removal because the plaintiffs dismissed the case without prejudice pursuant to West Virginia Rule of Civil Procedure 41(a) on December 15, 2009.

On January 11, 2010, the plaintiffs filed this action in the Circuit Court of Marshall County seeking recovery of losses or damages incurred as a result of Allstate's alleged failure to pay "stacked" underinsured motorist coverage in the amount of $300,000.00 rather than a single vehicle limit of $100,000.00. In addition to suing Allstate, the plaintiffs also sued Larry Poynter and Ed Steen, insurance adjusters. The defendants removed this civil action to this Court on January 26, 2010.

### III. Applicable Law

Federal Rule of Civil Procedure 41(a) allows a plaintiff to voluntarily dismiss a civil action. The Rule further provides that "if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This provision, known as "the two-dismissal rule," applies only if the state court where the previous litigation occurred "has enacted its own version of the two dismissal rule and would therefore treat the second dismissal as a dismissal with

3

prejudice." Manning v. S.C. Dept. of Highway & Pub. Transp., 914 F.2d 44, 47 n.5 (4th Cir. 1990). Therefore, if the first and second actions were based on the same claim, a third civil action is barred by the doctrine of res judicata. Id. at 47.

## IV. Discussion

In their motions to dismiss, Allstate and the adjuster defendants contend that this civil action is barred because of the two-dismissal rule. Because the two previous dismissals occurred in West Virginia state court, this Court must first look to West Virginia's two-dismissal rule. West Virginia Rule of Civil Procedure 41(a) contains identical language barring a third suit based on the same claim as two previous suits.

This Court now turns to the question of whether the 1990 and 2009 civil actions were based on the same claim. The defendants assert that all three civil actions allege fundamentally the same claims in that the plaintiffs believe that they are entitled to additional underinsured motorist coverage benefits arising out of the same automobile accident. The plaintiffs, on the other hand, contend that the 1990 litigation involved whether Allstate was entitled to an "offset" in the amount of underinsured coverage it paid to the plaintiffs for the monies paid in settlement by the tortfeasor's insurer. The plaintiffs state that the 2009 civil action and the current civil action involve the issue of "stacking," which was not raised in the 1990 action.

4

The defendants are correct that the two-dismissal rule does not require identical theories or claims. What the rule expressly requires is that the civil actions be based on the same claims. In Manning, the plaintiff believed that he was deprived of his property without due process of law. Manning, 914 F.2d at 46. The Board of Condemnation originally awarded Manning $1.6 million, but then reduced the award. Id. After Manning objected, the Board of Condemnation reinstated the original amount. Id. The Highway Department appealed the award to a county court of common pleas. Id. The case eventually proceeded to trial and a jury determined the value of the property. Id. The South Carolina Supreme Court affirmed the award on appeal. Id. Prior to the state court trial in the underlying condemnation proceedings, Manning filed a 42 U.S.C. § 1983 action in the United States District Court for the District of South Carolina regarding the condemnation proceedings, which named the Highway Department and a number of individuals involved in the condemnation action as defendants, including "John Doe" and "Richard Roe." Id. The plaintiff voluntarily dismissed this suit. Id. at 47. Manning then filed a state court action, naming Victor Evans, the state deputy attorney general representing the Highway Department, for violations of federal and state constitutional rights, conspiracy, and fraudulent representation. Id. Manning then filed another action in the United States District Court for constitutional violations, RICO, abuse of

5

process, fraud and deceit, and outrage. Id. This suit also involved Evans. Id. In Manning, the United States Court of Appeals for the Fourth Circuit found that even though the causes of action were not identical, the two-dismissal rule applied as to Evans because the actions were based on the same claim. Id.

In this case, this Court finds that the 1990 and 2009 actions were not identical, they are based on the same claim. In each civil action, the plaintiffs seek additional underinsured motorist coverage from Allstate arising out of the same automobile accident and the same insurance policy. The plaintiffs, seeking additional underinsured motorist coverage, cannot argue that the purpose of the 1990 action was to seek a determination of unsettled issues of available coverage, but that the purpose of the present action and the 2009 action is to seek relief for illegal conduct and intentional deception. While different legal theories may appear in the 1990 and 2009 civil actions, the plaintiffs were, in effect, alleging the cause of action underlying the second complaint in their first complaint.

Next, this Court finds that the two-dismissal rule applies even though the adjuster defendants were not named defendants in the 1990 civil action. "[R]es judicata extends not only to named parties to an action, but also to their privies." Manning, 914 F.2d at 48. In their complaint, the plaintiffs allege that the adjuster defendants made the alleged statements that the plaintiffs

relied on when accepting $100,000.00 as a settlement. Here, the adjuster defendants are "so identified in interest with [Allstate] that [they] represent[] the same legal right." Id.

Finally, the plaintiffs reliance on <u>Poloron Products, Inc. v. Lybrand Ross Brothers & Montgomery</u>, 534 F.2d 1012 (2nd Cir. 1976), is misplaced. The plaintiffs argue that the 1990 civil action cannot trigger the two-dismissal rule because the 1990 litigation was settled and dismissed by agreement of the parties, not by notice. <u>Poloron</u> does not apply in this case because, in <u>Poloron</u>, the parties dismissed the action without prejudice. In this case, the 1990 action was dismissed <u>with</u> prejudice. <u>See</u> <u>Schott v. Hepler</u>, 101 F.R.D. 99, 101 (N.D. Ind. 1984)(distinguishing <u>Poloron</u> and finding that where parties, on stipulation, dismiss a case with prejudice, the two-dismissal rule applies to that action). Accordingly, this Court finds that the two-dismissal rule applies and that the plaintiffs are barred from bringing this action under the principles of <u>res judicata</u>.

## V. <u>Conclusion</u>

For the reasons stated above, the defendant Allstate Insurance Company's motion to dismiss and defendant Larry D. Poynter and defendant Ed Steen's motion to dismiss are GRANTED. Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

7

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    August 10, 2011

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE